UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

**CIVIL ACTION NO. 23-69-DLB-CJS**

**JUDITH GREGORY, et al.**                                                                                                    **PLAINTIFFS**

**v.**                            **MEMORANDUM OPINION AND ORDER**

**EZRICARE, LLC, et al.**                                                                                                    **DEFENDANTS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on Defendant EzriRx, LLC ("EzriRx")'s Motion to Dismiss the Plaintiffs' Amended Complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). (Doc. # 41).  Plaintiffs have filed a Response in Opposition (Doc. # 43), and EzriRx has filed a Reply (Doc. # 49).  The Motion is now ripe for this Court's review.  For the reasons stated herein, EzriRx's Motion to Dismiss (Doc. # 41) is **denied**.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

This action arises from injuries allegedly suffered by Plaintiffs after Plaintiff Judith Gregory used eye drops contaminated by the bacteria *pseudomonas aeruginosa*. (Doc. # 33).  The case has multiple defendants and the procedural history is complicated, so the Court will begin with a discussion of the procedural history before recounting the Plaintiffs' factual allegations.

On May 20, 2023, Plaintiffs Judith Gregory and her husband, Donald Gregory, filed a Complaint alleging claims against Defendants EzriCare, LLC ("EzriCare"), EzriRx,

1

Global Pharma Healthcare Private LTD ("Global Pharma"), and Aru Pharma Inc. ("Aru Pharma").[1]  (Doc. # 1).  Roughly sixty days after the filing of the action, Magistrate Judge Candace J. Smith ordered the Plaintiffs to file a Status Report to update the Court on the service of Defendants in compliance with Rule 4(m)'s requirement that defendants be served within 90 days.  (Doc. # 5); Fed. R. Civ. P. 4(m).  Plaintiffs complied, indicating that the addresses were incorrect and new summons were requested to be issued.  (Doc. # 10).

Following service, Defendants EzriCare and EzriRx requested an extension of time to file an answer or response.  (Docs. # 12 and 13).  Magistrate Judge Smith then ordered and held a telephonic status conference to discuss the status of the case relevant to the other defendants that had yet to be served.  (Doc. # 23).  Therein, Plaintiffs indicated that Defendant Aru Pharma Inc. had filed for Chapter 11 bankruptcy in the Southern District of New York and the automatic stay prevented further proceedings against it.  (*Id.* at 1).  With respect to Defendant Global Pharma, Plaintiffs indicated that they were pursuing service under the Hague Convention and that Rule 4(m)'s 90-day requirement for service did not apply.  (*Id.* at 1-2).  Magistrate Judge Smith concluded it was appropriate to extend the time to file a response for EzriCare and EzriRx, and that the action could proceed with the served parties.  (*Id.* at 2).

After the telephonic status conference, Defendant EzriRx filed a Motion to Dismiss for lack of personal jurisdiction, and Defendant EzriCare filed a Motion to Dismiss under

---

[1]  As of the date of this Order, Global Pharma Healthcare Private LTD and Aru Pharma Inc. have not responded to the Complaint or Amended Complaint nor entered an appearance in this action.  Global Pharma is a corporation organized and existing under the laws of India, and Aru Pharma is an LLC organized under the laws of New York.  Plaintiffs have not indicated the citizenship of the members of Aru Pharma.

2

Rule 12(b)(6).  (Docs. # 20 and 21).  Plaintiffs sought a Motion for Leave to Amend their Complaint and Join New Parties (Doc. # 26), which the Court granted, subsequently denying the pending motions as moot (Doc. # 32).

The Amended Complaint added Walmart, Inc., Walmart Stores East Limited Partnership ("the Walmart Defendants"), and Amazon.com Inc. ("Amazon") as new defendants.  (Doc. # 33).  EzriCare and EzriRx refiled their Motions to Dismiss under Rule 12(b)(6) and personal jurisdiction (Docs. # 40 and 41), which are now fully briefed (Docs. # 42, 43, 48, and 49).  Since the filing of Amended Complaint, the Walmart Defendants have been dismissed from the action by Agreed Order on April 8, 2024, and their pending Motions to Dismiss and Motion for Oral Argument were denied as moot.  (Doc. # 60).

In the Amended Complaint, Plaintiffs allege that Plaintiff Judith Gregory was a regular user of Artificial Tears Lubricant Eye Drops ("the Product") labeled, advertised, marketed, distributed, and sold by EzriCare, formulated, designed, and imported by Aru Pharma, Inc., and sold to Judith through Walmart and Amazon.  (Doc. # 33 at ¶¶ 15-17, 24-25, 38-40).  Plaintiffs allege that Defendants were made aware of the outbreak of the *pseudomonas aeruginosa* bacteria in their product in 2022, but continued to manufacture, prepare, assemble, test, market, advertise, package, distribute, and/or sell the product in Kentucky to residents and businesses.  (*Id.* at ¶¶ 46-48).  Plaintiffs allege that Judith obtained the product by purchasing it in Kentucky both online through Amazon.com and in-person at Walmart.  (*Id.* at ¶ 59).

Plaintiffs allege that after use of the product, Judith suffered from "left eye pain, decreased vision, and photophobia." (*Id.* at ¶ 56).  She was diagnosed with "necrotizing, scleritis, scleromalacia, pseudophakia, anterior blepharitis, and posterior vitreous

3

detachment." (*Id.* at ¶ 57). Following the diagnoses, she was admitted to the medical intensive care unit ("ICU") and diagnosed with sepsis as a result from the infection. (*Id.* at ¶ 63). Plaintiffs allege that she continued to seek outpatient treatment for her eye and her condition worsened. Plaintiffs allege Judith required "multiple surgical interventions, hospitalizations, weekly ophthalmologist visits, and prolonged antibiotics." (*Id.* at ¶ 67).

Plaintiffs bring nine claims against each Defendant jointly: (1) strict liability under Kentucky law for a defective product; (2) strict liability under Kentucky law for a failure to warn; (3) negligence in the manufacture, design, formulation, preparation, assembly, testing, marketing, advertising, packaging, labeling, distribution and sale of the product; (4) negligence in Defendants' failure to warn; (5) breach of express warranty; (6) breach of implied warranty; (7) negligent representation that the product had a "superior quality assurance" and was "FDA registered, insured, and compliant;" (8) a violation of the Kentucky Consumer Protection Act; and (9) a loss of consortium for Plaintiff Donald Gregory as a result of the "loss of Judith services, assistance, aid, and companionship as is between husband and wife." (*Id.* at 21-28).

Defendant EzriRx now brings a Motion to Dismiss for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure. (Doc. # 41). Defendant EzriCare does not challenge personal jurisdiction, instead raising a Motion to Dismiss for failure to state a claim for which relief can be granted under Rule 12(b)(6). (Doc. # 40). The Court will address EzriRx's Rule 12(b)(2) Motion first, with a subsequent order on EzriCare's Rule 12(b)(6) Motion to follow.

4

## II. ANALYSIS

### A. Standard of Review

When a defendant brings a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the burden is on the plaintiff to establish that the court has personal jurisdiction over each defendant. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). If the court has not conducted an evidentiary hearing, then the plaintiff's burden is "relatively slight," and the plaintiff must only make a prima facie showing of personal jurisdiction. *Estate of Thomson v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 360 (6th Cir. 2008); *see also Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). The plaintiff "can meet this burden by 'establishing with reasonable particularity sufficient contacts between [EzriRx] and the forum state to support jurisdiction.'" *Neogen*, 282 F.3d at 887 (quoting *Provident Nat'l Bank v. California Fed. Savings Loan Ass'n*, 819 F.2d 434, 437 (3d Cir.1987)). The Court views the pleadings, affidavits, and additional evidence in the light most favorable to the plaintiff and "does not weigh the controverting assertions of the party seeking dismissal." *Theunissen*, 935 F.2d at 1459.

If the defendant, however, submits "a properly supported motion for dismissal, [then] the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen*, 935 F.2d at 1458; *see also Parker v. Winwood*, 938 F.3d 833, 839-40 (6th Cir. 2019); *Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675, 678 (6th Cir. 2012); *Carrier Corp. v. Outokumpu Oyi*, 673 F.3d 430, 449 (6th Cir. 2012). In the face of "affirmative evidence showing that the court lack[s] jurisdiction," the plaintiff's "mere allegations of jurisdiction are not enough."

5

*Parker*, 938 F.2d at 839-40.  If the plaintiff fails to put forth specific facts in opposition of a properly-supported motion to dismiss for lack of personal jurisdiction, then the court will "find personal jurisdiction lacking unless there are sufficient allegations in the complaint to establish personal jurisdiction which *stand unrefuted* by the sworn evidence provided" by the defendant.  *Babcock Power, Inc. v. Sterling Grp., LP.*, No. 3:16-cv-789-CRS, 2017 WL 3161624, at *2 (W.D. Ky. July 25, 2017) (emphasis added).

A federal court sitting in diversity must look to the law of the forum state to determine the reach of the district court's personal jurisdiction over parties, subject to constitutional due process requirements.[2]  *Air Prods. & Controls, Inc. v. Safetech, Int'l, Inc.*, 503 F.3d 544, 550 (6th Cir. 2007).  Kentucky requires that personal jurisdiction be proper under both the Kentucky long-arm statute and the federal Due Process Clause.  *See id.*  "The Kentucky Supreme Court has held that the state's long-arm statute (K.R.S. § 454.210) does not reach the outer limits of the Due Process Clause."  *Hall v. Rag-O-Rama, LLC*, 359 F. Supp. 3d 499, 505 (E.D. Ky. Jan. 8, 2019) (citing *Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 57 (Ky. 2011)).

Therefore, analysis of personal jurisdiction under Kentucky law is a "two-step process."  *Newberry v. Silverman*, 789 F.3d 636, 641 (6th Cir. 2015) (citing *Caesars Riverboat Casino*, 336 S.W.3d at 57).  "First, a court must look to see if the cause of action arises from the type of conduct or activity that is enumerated in the [Kentucky long-arm] statute itself."  *Id.*  If there is jurisdiction under the long-arm statute, "then the court must

---

[2] This Court is sitting in diversity as Plaintiffs are citizens of Kentucky.  (Doc. # 33 at ¶ 1-2).  EzriRx is a limited liability company whose membership consists of two citizens of New Jersey, Ezriel Green and his father, Menachem Green.  (Doc. # 41-2 at 2).  Plaintiffs allege that the amount in controversy is more than $75,000.  (Doc. # 33 at ¶ 10).

assess whether 'exercising personal jurisdiction over the non-resident defendant offends his federal due process rights.'" *Id.*

**B. Discussion**

**1. Kentucky Long-Arm Statute**

The Kentucky long-arm statute provides nine categories of conduct which may subject a defendant to personal jurisdiction in a Kentucky court. K.R.S. § 454.210. In addition to these subdivisions, the Kentucky long-arm statute also requires the claim to arise from the conduct. "A claim 'arises from' certain conduct when there is a 'reasonable and direct nexus' between the conduct causing injury and the defendant's activities in the state." *Holbrook v. Mazda Motor Corp.*, 6:17-cv-244-DCR, 2018 WL 1571905, at *2 (E.D. Ky. Mar. 30, 2018) (citing *Caesars Riverboat Casino*, 336 S.W.3d at 57). Courts "ultimately have to depend upon a common sense analysis, giving the benefit of the doubt in favor of jurisdiction," when determining whether the plaintiff's claims arise from the defendant's actions. *Caesars Riverboat Casino*, 336 S.W.3d at 59.

Plaintiffs allege the Court has personal jurisdiction over EzriRx under the following four subsections of K.R.S § 454.210: EzriRx was (1) transacting business in the Commonwealth; (2) contracting to supply services or goods in the Commonwealth; (3) caused a tortious injury by an act or omission in Kentucky; and (4) caused a tortious injury in Kentucky by an act or omission outside of Kentucky (applicable if the party "does or solicits business," or "derives substantial revenue" from goods used or services rendered in Kentucky."). (Doc. # 43 at 5) (citing K.R.S § 454.210(1)-(4)).

There is no agreed-upon interpretation of what it means to "transact any business" in Kentucky under the long-arm statute. *See Hall*, 359 F. Supp. 3d at 505-06 (collecting

7

cases). Nevertheless, federal courts in Kentucky have employed several different approaches. First, courts have relied on the plain meaning of "transacting business." "Black's Law Dictionary defines 'transact' as '[t]o carry on or conduct (negotiations, business, etc.) to a conclusion.'" *Childress Cattle, LLC v. Cain*, 2017 WL 3446182, at *3 (W.D. Ky. Aug. 10, 2017) (quoting *Aces High Coal Sales, Inc. v. Cmty. Tr. & Bank of W. Georgia*, No. CV 15-161-DLB-HAI, 2017 WL 3122661, at *14 (E.D. Ky. July 21, 2017)). This Court asks whether there has been "a course of direct, affirmative actions within a forum that result in or solicit a business transaction." *Gentry v. Mead*, No. 16-cv-100-DLB-CJS, 2016 WL 6871252, at *3 (E.D. Ky. Nov. 21, 2016) (quoting *Modern Holdings, LLC v. Corning, Inc.*, No. 13-CV-405, 2015 WL 1481443, at *6 (E.D. Ky. Mar. 31, 2015)).

Addressing the first category of "transacting any business," Plaintiffs allege EzriRx "regularly conducts business in Kentucky and has sold and supplied products to Walmart and Amazon to serve Kentucky's market for artificial tears in stores and online," including the Product. (Doc. # 33 at 6) (quoting Doc. # 33 at ¶¶ 4, 72). For the second category, Plaintiffs allege that EzriRx has contracts for the manufacture, distribution, and retail sale of products with other Defendants in the United States, including Kentucky. (*Id.* at 6-7) (quoting Doc. # 33 at ¶ 71-72). Plaintiffs allege that EzriRx has sold and supplied products to Walmart and Amazon "to serve Kentucky's market for artificial tears and also offers its products for sale on its website, including the Product." (*Id.* at 7). The third and fourth categories are more straightforward, with Plaintiffs alleging that EzriRx's manufacturing, designing, formulating, preparing, assembling, testing, marketing, advertising, packaging, distributing, and/or selling the product to her that caused her injuries was the tortious conduct that occurred in Kentucky. (*Id.* at 7). Plaintiffs argue that because EzriRx is a

8

non-resident entity, "it can be inferred that an act or omission [related to their claims] occurred outside of Kentucky and was placed in the stream of commerce." (*Id.* at 8). Plaintiffs allege that EzriRx's activities in soliciting business through its website, distribution, and retail agreements "is done in a persistent manner to serve the Kentucky market." (*Id.*).

EzriRx argues that it has no ties to Kentucky, instead operating as an "online marketplace that democratizes pharmaceutical purchasing by bringing together pharmacies and wholesalers." (Doc. # 41-1 at 5). EzriRx argues that it does not sell directly to consumers, and notes that Plaintiffs did not purchase the Product directly from the EzriRx website. (*Id.*). EzriRx includes an affidavit from its CEO, Ezriel Green, as evidence in support of its argument. (Doc. # 41-2). Therein, Green states that EzriRx is an online marketplace for pharmacies to purchase prescription medications, over the counter drugs, and pet medication, and does not sell directly to consumers. (*Id.* at ¶¶ 7-8).

Again, the Plaintiffs have a relatively light burden to demonstrate that the Court has personal jurisdiction over EzriRx. *See Thomson*, 545 F.3d at 360 (6th Cir. 2008). And as noted above, the Court views the pleadings, affidavits, and additional evidence in the light most favorable to the plaintiff and "does not weigh the controverting assertions of the party seeking dismissal." *Theunissen*, 935 F.2d at 1459. Though EzriRx may not sell the Product directly to consumers, its argument does not address Plaintiffs' allegations that EzriRx has contracted to do business with distributors in Kentucky, and Plaintiffs do not have to purchase directly from EzriRx for it to be subject to personal jurisdiction under Kentucky's long-arm statute. Plaintiffs allege that EzriRx transacts

9

business in Kentucky, contracts to supply goods in Kentucky, and caused a tortious injury by an act or omission in or outside of Kentucky. (Doc. # 43 at 5) (citing K.R.S § 454.210(1)-(4)). EzriRx has not provided evidence contradicting those allegations. In fact, by EzriRx's own admission, it is a "business to business marketplace used by pharmaceutical and over the counter drug wholesalers, pharmacies, and other large-scale distributors." (Doc. # 41-1 at 6). EzriRx firmly denies making a direct sale to Plaintiffs, but does not make similar effort to deny that it made sales to Wal-Marts and Amazon distributors in Kentucky that Plaintiffs would have purchased the Product from. If EzriRx had never made an agreement to distribute the Product with a Kentucky company, surely it would have informed the Court of such. Thus, it appears that the Court has personal jurisdiction over EzriRx based on the Kentucky long-arm statute.

Even though EzriRx's conduct fits into the categories list in the long-arm statute, the long-arm statute also requires the claim to arise from the conduct. Plaintiffs must demonstrate a "'reasonable and direct nexus' between the conduct causing injury and the defendant's activities in the state." *Holbrook*, 2018 WL 1571905, at *2. Plaintiffs allege that due to EzriRx's transaction of business in Kentucky, supply contacts and distribution to Kentucky retailers, and injurious actions in Kentucky, Plaintiff Judith Gregory purchased the contaminated Product and she and her husband suffered injury as a result. (Doc. # 43 at 6-8). EzriRx does not argue that the Product was unrelated to Plaintiffs' injuries, just that EzriRx did not make the direct sale. Thus, the causal connection between EzriRx's Kentucky conduct and Plaintiffs' alleged injuries constitutes a reasonable nexus that makes the exercise of personal jurisdiction proper, meeting the forgiving burden.

### 2. Due Process

Though the Court has determined that EzriRx's contacts are sufficient to "put [it] within the class of out-of-state actors susceptible to personal jurisdiction under the Kentucky long-arm statute," *Spectrum Scan, LLC*, 519 F. Supp. 2d at 659, Plaintiffs still must show that the exercise of personal jurisdiction over EzriRx would not offend federal due process standards. *See Caesars Riverboat Casino*, 336 S.W.3d at 59.

To establish personal jurisdiction over an out-of-state defendant, the plaintiff must establish "certain minimum contacts with [the forum state] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Air Prods.*, 503 F.3d at 549 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "Depending on the type of minimum contacts in a case, personal jurisdiction can either be specific or general." *Id.* at 549-50.

### a. General Jurisdiction

To establish general jurisdiction over a defendant, the Court must find that the defendant's contacts with the forum state are so "continuous and systematic" as to render it "essentially at home" in the forum state. *Daimler AG v. Bauman*, 571 U.S. 117, 137, 139 (2014). When general jurisdiction is established, the court's jurisdiction exists for "any and all claims" against the defendant, regardless of whether the claims arise from defendant's conduct in the state. *Id.* at 137. EzriRx is an LLC organized under the laws of Delaware with its two members being citizens of New Jersey. (Doc. # 41-3). No evidence has been provided of EzriRx's operations that it would be "essentially at home" in Kentucky, thus the Court declines to exercise general jurisdiction over EzriRx. *Daimler AG*, 571 U.S. at 139.

### b. Specific Jurisdiction

Though the Court declines to exercise general jurisdiction over EzriRx, it may still be subject to specific personal jurisdiction. Specific jurisdiction is established under a three-part test:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Air Prods.*, 503 F.3d at 550 (quoting *S. Mach. Co v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)). The Sixth Circuit has commented that the first prong—purposeful availment—is the "sine qua non for in personam jurisdiction" and thus, "arguably the most important" factor. *Id.* (quoting *S. Mach. Co.*, 401 F.2d at 381-82).

The first prong of purposeful availment is met when a defendant creates a "substantial connection" with the forum state such that he "should reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985). EzriRx does not argue each prong individually, but cites the standard and generally argues that it is not subject to specific jurisdiction. (Doc. # 41-1 at 6-7). EzriRx again argues that there is no tie between the forum and the specific claims at issue because it is an online business that did not sell the Product to Plaintiffs directly. (*Id.*). EzriRx cites to *Bristol-Meyers Squibb v. Sup. Ct. of Cal., San Francisco Cnty.* as an instructive case. (*Id.* at 6) (citing 582 U.S. 255 (2017)). Therein, the Supreme Court rejected the argument that pharmaceutical companies were subject to specific jurisdiction in California in a suit brought by non-resident plaintiffs simply because they sold the same drug in California. *Bristol Meyers Squibb*, 582 U.S. at 258-59. The Supreme Court held

12

that only purchases made by plaintiffs in California gave rise to a sufficient connection with the state for the courts to exercise personal jurisdiction. *Id.* at 265. As Plaintiffs note, it is unclear how this case is helpful to EzriRx. (*See* Doc. # 43 at 9). Perhaps if Plaintiffs were residents from another state attempting to hale EzriRx into Kentucky for this lawsuit, *Bristol-Meyers Squibb* would support EzriRx's argument that the Court lacked personal jurisdiction over it. But Plaintiffs *are* residents of Kentucky, and like the California plaintiffs that were permitted to proceed with their claims, so too shall Plaintiffs here. Plaintiffs have demonstrated that EzriRx has purposefully availed itself of acting or causing a consequence in Kentucky.

The second prong is a more "lenient" standard, and requires "that the cause of action have a substantial connection with the defendant's in-state activities." *Hall*, 359 F. Supp. 3d 499 at 512. The Sixth Circuit has explained that "the plaintiff's cause of action must be proximately caused by the defendant's contacts with the forum state." *Beydoun v. Wataniya Restaurants Holding, Q.S.C.*, 768 F.3d 499, 507-08 (6th Cir. 2014). As noted above in the analysis under the Kentucky long-arm-statute, Plaintiffs have adequately demonstrated the connection between EzriRx's agreements to distribute the Product with Plaintiffs' injuries. *See supra* II.B.1. EzriRx has not presented a properly supported motion that would disprove any of Plaintiffs' claims, merely arguing that it did not directly sell the Product directly to Plaintiffs. As such, Plaintiffs have established that their cause of action was proximately caused by EzriRx's contacts in Kentucky.

The final factor asks whether the acts of the defendant or consequences caused by the defendant have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Air Prods.*, 503 F.3d at 550. In

13

considering whether the exercise of jurisdiction is reasonable, the Court must consider "the burden on the defendant, the interest of the forum state, the plaintiff's interest in obtaining relief, and the interest of other states in securing the most efficient resolution of controversies." *Bird v. Parsons*, 289 F.3d 865, 875 (6th Cir. 2002). EzriRx does not address the reasonableness prong individually or otherwise argue that it would be a burden to proceed with litigation in Kentucky. On the other hand, Plaintiffs argue that it is reasonable to subject EzriRx to personal jurisdiction because of its distribution of the Product to the Kentucky market, and "Kentucky has a compelling interest in protecting individuals from harmful products directed for sale and use in the state." (Doc. # 43 at 12). Plaintiffs argue that litigation within this forum would not be burdensome as EzriRx earns revenue from its sales and can adequately defend itself here. (*Id.*). With no competing argument from EzriRx in the original Motion or the Reply, the Court agrees that the connection between Plaintiffs' claims and the forum state makes the exercise of personal jurisdiction reasonable. For these reasons, the Court concludes that Plaintiffs have met their burden to demonstrate that the exercise of personal jurisdiction over EzriRx would not offend federal due process standards. *See Caesars Riverboat Casino*, 336 S.W.3d at 59.

        **3.**      **Discovery**

The Court acknowledges that the Amended Complaint does not lay out the specific business hierarchy between Defendants EzriCare and EzriRx. Plaintiffs raise identical claims against both businesses, and EzriCare did not challenge the Court's jurisdiction. That said, the burden was on EzriRx to submit "a properly supported motion for dismissal" that challenged Plaintiffs' assertions and heightened their prima facie burden. *See*

14

*Theunissen*, 935 F.2d at 1458. EzriRx has not done so at this juncture. Future discovery may reveal "the necessary clarity on the actual link (or lack thereof) between EzriRx, its Kentucky conduct, and [Plaintiffs'] claims." *Mosley v. EzriCare*, No. 6:23-cv-20-REW, 2024 WL 1342615, at *8 (E.D. Ky. Mar. 29, 2024). For now, the Amended Complaint adequately establishes that Plaintiffs' claims arise from EzriRx's conduct in the forum and the Plaintiffs will be permitted to proceed with their claims against EzriRx.

### III.   CONCLUSION

Accordingly, as Plaintiffs have adequately demonstrated that the Court has personal jurisdiction over EzriRx, and for the reasons set forth herein,

**IT IS ORDERED** that Defendant EzriRx's Motion to Dismiss for personal jurisdiction (Doc. # 41) is **DENIED**.

This 20th day of May, 2024.



Signed By:
*David L. Bunning*
United States District Judge

K:\DATA\ORDERS\Cov2023\23-69 MOO on MTD for PJ.docx